UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES F. KELLER,

    Plaintiff,

v.

HILTON INNS, INC.,

    Defendant.

Case No. 12-cv-1139-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Charles F. Keller's motion for a temporary restraining order, which was filed in state court before defendant Hilton Inns, Inc. ("Hilton") removed this case to federal court (Doc. 1).

This case arose out of a dispute between Keller and Hilton over a franchise license agreement for the "Hilton Garden Inn Effingham." Keller claims Hilton breached the franchise agreement because it terminated it without good cause. He seeks a declaratory judgment that he does not owe Hilton liquidated damages under the agreement and an injunction forbidding Hilton from disconnecting him from Hilton's systems available to its franchisees (e.g., reservations, advertising, publicity, marketing and materials), as Hilton has announced it would do at 12:01 a.m. on November 1, 2012. The Court addresses Keller's motion for a temporary restraining order.

When deciding a motion for temporary injunction, the Court applies the same standard as it does to a motion for a preliminary injunction. *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1083 (C.D. Ill. 2001). Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary

injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will likely suffer irreparable harm if the injunction is not granted.  *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999).  If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public.  "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor."  *Ferrell*, 186 F.3d at 811.  "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam));  *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21-22 (2008).

The Court finds that Keller has made a showing substantial enough to warrant a brief temporary restraining order until the Court can hold a hearing on the motion for a temporary restraining order.  The Court therefore **ENJOINS** Hilton from removing Keller from its reservation, advertising, publicity, marketing and materials systems until the conclusion of the hearing, which shall be held November 1, 2012, at 1:30 p.m. in Benton, Illinois.

**IT IS SO ORDERED.**
**DATED:  October 31, 2012**

                                                 s/J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **DISTRICT JUDGE**